Ms. Kay Barnhill Terry State Personnel Administrator Office of Personnel Management Department of Finance and Administration
1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Terry:
I am writing in response to three requests, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records in the Arkansas Administration Statewide Information System or "AASIS" would be consistent with the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§ 25-19-101 to -110 (Repl. 2002 and Supp. 2009).
Someone has made an FOIA request for an electronic copy of every state employee's "name, job title, salary, length of service, work address, work telephone number, work fax number, and work email address."
Three employees object to your determination that the requested information is (1) a personnel record and (2) should be released pursuant to the FOIA. They seek my opinion about whether your two determinations are consistent with the FOIA.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In my opinion the custodian's decision is consistent with the FOIA. *Page 2 
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
As this office has consistently opined, given the nature of this request, the first two elements are clearly met. The analysis for those two elements is contained in Opinion No. 2011-045, which is enclosed. So I will not repeat it here.
Turning to the third element, the question is whether some exception shields these records from disclosure. As noted in Opinion No. 2011-045, these records meet the definition of a "personnel record."[1] Accordingly, the FOIA requires that these records be released unless doing so constitutes a "clearly unwarranted invasion of personal privacy."[2] As Opinion No. 2011-045 explains, the release of these kinds of records — i.e., those reflecting the name, salary, job title, etc. — will rarely rise to the level of such an invasion. Therefore, these kinds of records generally must be released.
Therefore, unless the three objectors can provide some kind of unique circumstances that justify withholding their names, the general rule applies and their names must be released. None of the objectors gives such a reason. One of the objectors simply states that she "does not wish" for her information to be released. The FOIA does not require the consent of the subject of the records in order for public records to be disclosed.
The second employee objects for two reasons. First, she thinks the information should not be released because of the potential for identity theft. This office addressed that concern in Opinion No. 2011-044. In that Opinion, this office applied the personnel records balancing test, which is described in the enclosed opinion, to conclude that the kinds of information being sought here must be released. She also complains that she does not know the requestors motive. Second, she thinks the requestor's motives should be clear before he can obtain the *Page 3 
records. This office has repeatedly noted that the intent of the FOIA requestor is generally irrelevant to the question whether the document must be released.[3]
The third employee also objects for two reasons. First, she too wants to know the requestor's motive. But, as the foregoing explains, that is not a valid objection. Second, she simply cites "personal reasons" related to her safety. A vague reference to an objection "for personal reasons" is not specific enough to overcome the general rule requiring disclosure.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Please see Opinion No. 2011-045 for the definition of "personnel record."
[2] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[3] E.g. Op. Att'y Gen. 2011-071